ADRIENNE C. PUBLICOVER (SBN 161432)
MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:  (415) 433-0990
Facsimile:  (415) 434-1370

Attorneys for Defendant
**LIFE INSURANCE COMPANY
OF NORTH AMERICA
d.b.a. CIGNA GROUP INSURANCE**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH VENTO,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA d.b.a. CIGNA GROUP INSURANCE; AND DOES 1 THROUGH 100,<br><br>    Defendants. | Case No.: C 08-02128 JL<br><br>**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed – March 25, 2008<br>Removal – April 24, 2008 |

    Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA d.b.a. CIGNA GROUP INSURANCE ("LINA" or "Defendant"), responds to Plaintiff DEBORAH VENTO'S ("VENTO") Complaint to recover disability benefits as follows:

    1.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff VENTO was covered under her employer's, City of Menlo Park, disability policy and became disabled while insured under the policy.

    2.    Answering Paragraph 2 of the Complaint, Defendant LINA admits that Plaintiff VENTO timely filed a claim for disability benefits, that Plaintiff VENTO suffered from medical

1  conditions which disabled her in 1999 and that LINA approved disability benefits for Plaintiff. Further, Defendant LINA admits Plaintiff VENTO'S benefits were terminated at the end of 2006 and that her 2007 appeal was denied. LINA denies either decision was unreasonable.

3. Answering Paragraph 3 of the Complaint, Defendant LINA admits the allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant LINA admits that is a corporation duly organized and existing under Pennsylvania law with its principal place of business in Philadelphia, Pennsylvania. Defendant LINA denies that it does business as CIGNA Group Insurance.

5. Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits the allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant admits all premiums due under the Policy have been paid. As to the remaining allegation that Plaintiff has performed all the obligations under the policy, Defendant denies this allegation.

9. Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff VENTO timely filed a claim for disability benefits, that Plaintiff VENTO suffered from medical conditions which disabled her in 1999 and that LINA approved disability benefits for Plaintiff.

10. Answering Paragraph 10 of the Complaint, Defendant admits that it terminated VENTO'S long term disability benefits.

11. Answering Paragraph 11 of the Complaint, Defendant admits that it received documents from Dr. Lorraine Page regarding VENTO'S continued disability and inability to work full-time employment. Defendant further admits the language and words within the

documents from Dr. Page speak for themselves and are the best evidence of their contents and deny any allegations that are inconsistent therewith.

12. Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contained in this paragraph, and that it dismissed medical opinions which substantiated or confirmed VENTO'S disability. Defendant admits it denied VENTO'S appeal and has not paid any further disability benefits since they were terminated.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained in this paragraph, and that it has refused and continues to refuse to approve continuation of VENTO'S disability benefits. Rather, LINA reasonably terminated VENTO'S benefits since she is no longer disabled according to the terms of the policy.

14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation contained in this paragraph, and that VENTO has been and remains disabled under the terms of the subject Policy or that it has unreasonably failed and refuses to pay VENTO benefits to which she is entitled.

**First Cause of Action – Breach of the Duty of Good Faith and Fair Dealing**

15. Answering Paragraph 15 of the Complaint, Defendant incorporates by reference the above Paragraphs 1 through 14 as if set forth fully herein.

16. Answering Paragraph 16 of the Complaint, Defendant denies each and every allegation contained in this paragraph, including that it breached its duty of good faith and fair dealing and denies each and every act, action, or failure to act, set forth in paragraph 16. Further, Defendant denies that there exists any other acts by LINA of which VENTO is unaware that are in violation of its duty of good faith and fair dealing.

17. Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation contained in this paragraph, including that VENTO has suffered or will continue to suffer damages under the Policy, plus other economic or consequential damages.

18. Answering Paragraph 18 of the Complaint, Defendant denies each and every allegation contained in this paragraph, including that VENTO has suffered anxiety, worry, or mental and emotional distress, all to her general damage.

19. Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation contained in this paragraph, including that VENTO was compelled to retain legal counsel to obtain benefits due under the Policy or that VENTO is entitled to those attorney, or witness fees or the cost of litigation fees.

20. Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation contained in this paragraph, including that Defendant's conduct was intended to cause injury, was despicable, willful, malicious, oppressive, in conscious disregard of VENTO'S rights, an intentional misrepresentation, deceitful, concealment of a material fact, or intended to deprive VENTO of any property, thereby entitling VENTO to punitive damages.

21. Answering Paragraph 21 of the Complaint, Defendant denies each and every allegation contained in this paragraph, including that LINA'S conduct was highly reprehensible; that it caused personal physical injury or physical sickness; that it demonstrated indifference and reckless disregard for VENTO'S health and safety; that it was repeated and continuous; that it was intentional malice, trickery and/ or deceit; or that VENTO was financially vulnerable to LINA'S conduct.

22. Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of plaintiff's allegations, and on that basis denies each and every remaining allegation contained therein.

### Second Cause of Action – Breach of Contract

23. Answering Paragraph 23 of the Complaint, Defendant incorporates by reference the above Paragraphs 1 through 22 as if set forth fully herein.

24. Answering Paragraph 24 of the Complaint, Defendant admits both parties, VENTO and LINA; owe duties and obligations to each other under the Policy.

25. Answering the Paragraph 25 of the Complaint, Defendant denies it breached any terms or provisions of the disability policy at issue, including that it refused to pay benefits under the subject Policy.

/ / /

/ / /

26. Answering Paragraph 26 of the Complaint, Defendant denies it breached any terms or provisions of the disability policy at issue or that VENTO suffered any compensable damages.

## PRAYER

*First Cause of Action – Bad Faith*

27. Answering Paragraph 27 of the prayer for relief, first cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

28. Answering Paragraph 28 of the prayer for relief, first cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

29. Answering the next Paragraph in order, which if numbered would be Paragraph 29, of the prayer for relief; first cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

30. Answering the next Paragraph in order, which if numbered would be Paragraph 30, of the prayer for relief; first cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

31. Answering the next Paragraph in order, which if numbered would be Paragraph 31, of the prayer for relief; first cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

32. Answering the next Paragraph in order, which if numbered would be Paragraph 32, of the prayer for relief; first cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

*Second Cause of Action – Breach of Contract*

33. Answering the next Paragraph in order, which if numbered would be Paragraph 33, of the prayer for relief; second cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

34. Answering the next Paragraph in order, which if numbered would be Paragraph 34, of the prayer for relief; second cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

35. Answering the next Paragraph in order, which if numbered would be Paragraph 35, of the prayer for relief; second cause of action, Defendant denies Plaintiff is entitled to any damages or relief requested in this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that neither the complaint nor any cause of action in the complaint states facts sufficient to substantiate a cause of action or claim upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that the action and all causes of action are barred by each statute of limitations that is corollary to each cause of action alleged, including but not limited to Sections 337, 338, 339, 340 and 343.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff's complaint is barred by her misrepresentations and/or concealment of material facts contained in her claim that she is disabled or entitled to disability benefits.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges the policy, upon which the Plaintiff's action is based, does not allow the payment of benefits which Plaintiff seeks because she has not remained, and is not currently disabled, under the terms of the policy.

### FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that the Plaintiff has waived her right to maintain the action filed in this case by virtue of her failure to remain disabled as required under and by the terms of the subject disability policy at issue.

### SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff is estopped from maintaining this action by virtue of her failure to remain disabled as required under and by the terms of the subject disability policy at issue.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that any damages sustained by Plaintiff by reason of the events alleged in the complaint were proximately caused or contributed to by Plaintiff's own comparative negligence or other fault.

### EIGHTH AFFIRMATIVE DEFENSE

AS SEPARATE DEFENSE Defendant alleges that by and through the conduct of Plaintiff or that of her agents, Plaintiff has waived, or is estopped to assert, every claim for relief set forth in the Complaint against this answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff failed to satisfy all conditions precedent to receipt for benefits under the Policy.

### TENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that each and every act done or statement made by the Defendant, or their agents, with reference to Plaintiff, were privileged as a good faith assertion of the Defendant's legal and contractual rights.

### ELEVENTH AFFIRMATIVE DEFENSE

AS SEPARATE DEFENSE Defendant alleges that any and all losses or damages sustained by Plaintiff, as a result of the occurrences alleged in the complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities other than Defendant, and for whom Defendant is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages Plaintiff may recover from the Defendant in this action.

### TWELFTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff materially breached the obligations under the contract or policy complained of prior to commencement of this action, which conduct extinguishes the Plaintiff's right to maintain the instant action.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges Plaintiff is guilty of unclean hands in the matters set forth in the complaint, which conduct extinguishes the right to equitable relief in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges Plaintiff's claim is barred by the parol evidence rule.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff failed to comply with the terms of the Policy that is the subject of this action; and that, accordingly, Plaintiffs claim for benefits are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff has not sustained any injury or damage by an act or omission of the Defendant. However, if it is established that Plaintiff suffered injury or damage for which Defendant is held liable, Defendant alleges that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of Plaintiff, and/or her agents or attorneys, and that those negligent or wrongful acts by Plaintiff and/or her agents or attorneys, eliminates or reduces any damages Plaintiff can recover from Defendant in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS SEPARATE DEFENSE Defendant alleges that Plaintiff has failed to exercise reasonable care and due diligence to mitigate her damages, if she has any. As a consequence, Plaintiff's claims should be barred, or alternatively, any damages awarded to Plaintiff should be reduced in proportion to Plaintiff's fault in failing to mitigate her damages.

/ / /

/ / /

/ / /

/ / /

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff has failed to allege, and has no facts to prove, under the clear and convincing evidence standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to *California Civil Code* Section 3294.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that any award of punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### TWENTITH AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff is not entitled to punitive damages, attorney's fees, or other damages pursuant to any of the claims for relief alleged in her complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that Plaintiff's remedy for any alleged breach of contract is limited by *California Civil Code* Sections 3300 and 3302.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendants allege that Plaintiff's damage claims, if any, are limited by the provisions of *California Insurance Code* Section 10111.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE DEFENSE Defendant alleges that they acted in good faith toward Plaintiff in handling her claim and in every other aspect of its dealings with Plaintiff.

Defendant reserves the right to assert additional defenses based on information gathered in the course of any further investigation and discovery.

WHEREFORE, this Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint on file herein;
2. That Defendant is awarded its costs and expenses incurred in this action;
Defendant LINA'S Answer to Plaintiff's Complaint
USDC NDCA Case No.: C08-02128 JL
350160.1

3. That Defendant is awarded its attorney's fees incurred in this action;

4. That Defendant recovers such other and further relief as the Court may deem just and proper.

Dated: May 5, 2008                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____
ADRIENNE C. PUBLICOVER
MICHAEL K. BRISBIN
Attorneys for Defendant
**LIFE INSURANCE COMPANY OF NORTH AMERICA d.b.a. CIGNA GROUP INSURANCE**

# PROOF OF SERVICE

I am a citizen of the United States, I am over the age of eighteen years not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

**XX:** **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

___: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the addressee.

___: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

___: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
Fricker & Mellen & Associates
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel: (510) 663-8484
Fax: (510) 663-0639
*Attorneys for Plaintiff*
*DEBORAH VENTO*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED May 5, 2008, at San Francisco, California.

_____
Joya Yeung