1  ADRIENNE C. PUBLICOVER (SBN 161432)
   MICHAEL K. BRISBIN (SBN 169495)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA 94105
4  Telephone:   (415) 433-0990
   Facsimile:   (415) 434-1370
5
   Attorneys for Defendant
6  **LIFE INSURANCE COMPANY**
   **OF NORTH AMERICA**
7  **d.b.a. CIGNA GROUP INSURANCE**

8

9                    UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11

12  | DEBORAH VENTO, | ) | Case No.: C 08-02128 JL |
    |---|---|---|
    | Plaintiff, | ) | |
    | v. | ) | **JOINT REPORT RE: RULE 26(f)** |
    | | ) | **CONFERENCE OF THE PARTIES** |
    | LIFE INSURANCE COMPANY OF | ) | |
    | NORTH AMERICA d.b.a. CIGNA GROUP | ) | State Court Filing: March 25, 2008 |
    | INSURANCE; AND DOES 1 THROUGH 100, | ) | Federal Removal: April 24, 2008 |
    | | ) | |
    | Defendants. | ) | Scheduling Conference: July 30, 2008 |

**TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report regarding the Conference of the Parties held on Wednesday, July 9, 2008 between Michael Brisbin of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, on behalf of Defendant Life Insurance Company of North American (hereinafter "LINA") and Timothy Fricker of Fricker & Mellen & Associates on behalf of Plaintiff Deborah Vento (hereinafter "VENTO").

On the above given date, the parties conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a) (1), and to develop a proposed

discovery plan that indicates the parties' views and proposals concerning the following:

1. **Jurisdiction and Service:** Jurisdiction is conferred pursuant to 28 U.S.C. sections 1332, 1391, 1441 and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff VENTO who is a citizen of California and a resident of Alameda County, California, and LINA who is a resident of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. Defendant LINA was served on April 2, 2008 and removed this matter on April 24, 2008. No additional parties need to be added or served.

2. **Facts:** Plaintiff VENTO filed a First Amended Complaint, and jury demand, alleging Breach of Contract and Bad Faith in the Superior Court of Alameda on March 25, 2008. She claims entitlement to continued disability benefits due to chronic lower back pain and condition. On June 21, 1999 VENTO submitted a claim for disability benefits. At the time she was 46 years old (DOB: 10/9/52) and worked for the City of Menlo Park as an Administrative Assistant. On August 30, 1999, LINA approved VENTO'S LTD benefits. She subsequently received $2,364.00 per month, subject to her continuing disability. In 2005 & 2006 LINA revisited whether VENTO remained disabled according to the terms of the Policy. LINA requested records from VENTO'S treating doctors and requested a FCE, TSA, LMS and conducted surveillance. Based on the findings of the FCE, TSA, LMS and surveillance, LINA terminated VENTO'S disability benefits on January 8, 2007.

3. **Legal Issues:** Plaintiff VENTO contends she remains disabled and is unable to perform all the material duties of any occupation for which she may reasonably be qualified based on education, training or experience. Plaintiff further contends that despite significant medical evidence, LINA unreasonably denied Plaintiff VENTO'S claim and upheld its denial on an appellate review in November 2007.

Defendant disputes that Plaintiff is entitled to additional disability benefits which she seeks under the subject long term disability policy, specifically benefits from January 8, 2007 through the present. Defendant believes its evaluation subsequent to the payment of some benefits, shows Plaintiff is no longer totally disabled and/ or eligible for benefits under the terms of the Policy. Defendant further disputes its actions were or are malicious, oppressive, or deceitful such that Plaintiff is entitled to punitive damages.

4.   **Motions:** No motions were filed. Defendant will file a Motion for Summary Judgment or Summary Adjudication if the matter cannot be resolved before any necessary filing deadline. Defendant may also file a motion to bifurcate the punitive damages from the breach of contract and breach of implied covenant of good faith and fair dealing. No other motions are anticipated.

5.   **Amendment of Pleadings:** None are contemplated by either party.

6.   **Evidence Preservation:** The entire claim file from LINA has been provided to its counsel and it will be produced forthwith to VENTO'S counsel minus any privileged documents or information. LINA has not destroyed any documents or erased any information.

7.   **Disclosures:** The Parties agree to complete their initial disclosure no later than Wednesday, July 30, 2008 due to vacations and other conflicts. Both Parties anticipate timely compliance with this deadline. The initial disclosure will include the following:

(1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(2) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

    (3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

    (4) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    **8.**    **Discovery:** Discovery has yet to be completed.

*Plaintiff's Statement*: Subject to receiving the claim file in this matter from Defendant, Plaintiff VENTO anticipate taking the depositions of Defendant LINA'S employees; the person most knowledgeable regarding the investigation and evaluation of Plaintiff's claim; the person most knowledgeable regarding the denial of Plaintiff's claim; and the person most knowledgeable regarding the review and/or evaluation of Plaintiff's sickness and/or injury. Plaintiff also intends to propound multiple sets of Special Interrogatories, Request for Admissions, and Requests for Production of Documents; and serve multiple subpoenas for the production of records from various third party custodians of record.

*Defendant's Statement:* Subject to receiving documents from VENTO, Defendant anticipates taking the deposition of Plaintiff VENTO and VENTO'S treating doctors and others who examined her, including but not limited to, Chiropractor Nancy Newbold, Dr. Lorraine Page, Dr. Mary Larson, Dr. Duc Nguyen, and any other treating doctor who has treated VENTO since her disability benefits were terminated. Defendant also anticipates requesting additional records from those involved in the care or treatment of VENTO, as well as serving special interrogatories and request for additional documents.

The parties agree that discovery should not be conducted in phases; that no changes should be made in the limitations on discovery imposed by the FRCP or by local rule; and that no other limitations on Discovery should be imposed.

9. **Class Actions:** This matter does not involve a class action.

10. **Related Cases:** There are no related cases.

11. **Relief:** Plaintiff VENTO did not specify in her Complaint the disability benefits and damages she seeks. Defendant LINA calculated the disability benefits at issue as follows: Monthly Benefit - $2,364.00 (*No offsets because Vento worked for City of Menlo Park and there is no SSDI;* Past Due (2/3/07 – 7/3/08) - $38,060.40; Future not discounted - $264,768.00; and Total Past Due + Future not discounted - $302,828.40 based on VENTO'S claim that she is entitled to additional benefits to age 65 as the Policy provides (*See page 7 of the Policy, attached to the Complaint as Exhibit A*). Plaintiff also seeks bad faith and punitive damages (*See Prayer in Complaint*), as well as attorney's fees which will be incurred to obtain the disability benefits (*See, paragraph 19, Complaint*). Defendant seeks its cost of suit.

12. **Settlement and ADR:** In accordance with FRCP 16(c), the parties elect to participate and use the Court appointed resolution proceeding to assist in resolving the dispute as authorized by statute or local rule:

*Plaintiff selects Settlement Procedure* [Judicial dispute resolution proceeding - mediation (Local Rule 16)]

*Defendant selects Settlement Procedure* [Judicial dispute resolution proceeding (Local Rule 16)]

The Parties agree the deposition of Plaintiff, her primary treating physician and of LINA employees might be necessary.

13. **Consent to Magistrate Judge for All Purposes:** Neither Plaintiff nor Defendant consent to a Magistrate Judge for all purposes. The required Declination to Proceed Form is being filed concurrently with this Rule 26 Report.

14. **Other References:** This case is not suitable for binding arbitration. It also is unnecessary to appoint a special master or the judicial panel on multi-district litigation.

15. **Narrowing of Issues:** The Parties anticipate that they will be better able to

formulate and simplify the issues and eliminate any frivolous claims or defenses prior to the date set for trial. The Parties anticipate that they will be better able to obtain admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence, during discovery and prior to the date set for trial. Both issues will be addressed during discovery and preparation of the case.

16. **Expedited Schedule:** The Parties do not believe this case can be handled on an expedited basis because of the number of out of state depositions that will be required if this matter can not be resolved through court appointed mediation. Defendant LINA will have to compete with VENTO'S treating doctors schedules and will need to obtain any updated records prior to the depositions. Plaintiff will be required to travel to Philadelphia or Dallas, or both, to complete the depositions of LINA employees, and the individuals retained to perform the FCE, TSA, and LMS.

17. **Scheduling:**

The parties agree that the Court should enter a scheduling order that limits the time for:

(1) Rule 16(b) - **Joining other parties and amending the pleadings:** Plaintiff and Defendant agree and propose August 29, 2008, as the last day to file motions for such relief;

(2) Rule 16(b) - **Filing motions:** Plaintiff and Defendant agree and propose that all pretrial motions other than in limine motions be filed no later than Monday, June 22, 2009;

(3) Rule 16(b) - **Completing Discovery:** As this matter is currently in the preliminary stages of discovery, it is requested that adequate time be allowed for the discovery stage as many of the suggested deponents are out of state. The parties anticipate that discovery should be completed by Monday, May 11, 2009;

(4) Rule 16(b) - **Setting Pre-trial Conference and Trial dates:** The Parties agree that the Pre-trial Conference (PTC) should be set for Monday, August 3, 2009 and TRIAL should be set for August 18, 2009.

18. **Trial:** Plaintiff demanded a jury trial. The expected length is 10 to 14 days given the number of witnesses involved and the issues related to whether plaintiff could perform a sedentary job beginning in 2007. The Parties agree and request a trial date of August 18, 2009.

19.     **Disclosure of Non- part Interested Entities or Persons:** Plaintiff VENTO filed her Certificate of Interested Entities or Parties on Wednesday, July 16, 2008.  VENTO knows of no one, other than herself, who has a financial interest in the subject matter in controversy.  VENTO seeks past and future disability benefits, interest thereon, general damages, special damages and punitive damages.

Defendant LINA filed its Certification of Interested Parties on April 24, 2008.  It has no financial interest other than its corresponding costs and fees for this litigation.  LINA is a subsidiary of CIGNA Corporation and was formed in 1956 by the Insurance Company of North America, a CIGNA predecessor.

20.     **Other:** Nothing additional needs to be discussed.

Dated: July 23, 2008         FRICKER & MELLEN & ASSOCIATES

/s/ Timothy Fricker
TIMOTHY FRICKER
Attorney for Plaintiff
**DEBORAH VENTO**

Dated: July 23, 2008         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____
ADRIENNE C. PUBLICOVER
MICHAEL K. BRISBIN
Attorneys for Defendant
**LIFE INSURANCE COMPANY OF NORTH AMERICA
d.b.a. CIGNA GROUP INSURANCE**